UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**BRIGITTE GUIDRY**  **CASE NO. 6:22-CV-03711**

**VERSUS**  **JUDGE JAMES D. CAIN, JR.**

**UNITED SERVICES AUTOMOBILE ASSOCIATION**  **MAGISTRATE JUDGE KAY**

MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 27] filed by defendant USAA pursuant to Federal Rule of Civil Procedure 12(b)(1). Plaintiff opposes the motion. Doc. 32. Also before the court is a Motion to Amend [doc. 23] filed by plaintiff, with opposition [doc. 33] from USAA.

I.
BACKGROUND

This suit arises from damage to plaintiff's home in Youngsville, Louisiana, in Hurricanes Laura and Delta. Plaintiff, who was then represented by attorneys from McClenny Moseley & Associates, PLLC ("MMA"), filed suit in this court on August 24, 2022, raising claims of breach of insurance contract and bad faith against USAA under Louisiana law. She invoked the court's diversity jurisdiction under 28 U.S.C. § 1332, asserting that she was a citizen of Louisiana and USAA a citizen of Texas. The court stayed all suits filed by MMA in October 2022, after concerns of misconduct by those attorneys began to arise. Doc. 4.

On June 20, 2023, the court granted plaintiff's motion to substitute new counsel and the stay in this matter was lifted. Doc. 20. Plaintiff has moved to amend the suit, arguing that she intended to name as defendant USAA Casualty Insurance Company ("USAA CIC") and/or USAA General Indemnity Company ("USAA GIC"), which are citizens of Texas, and should be permitted to correct the misnomer. Doc. 23. USAA opposes amendment on the basis of futility. Doc. 33. USAA also moves to dismiss the suit for lack of jurisdiction, arguing that there was no diversity of citizenship because USAA is also counted as a citizen of Louisiana. Doc. 27.

## II.
## LAW & APPLICATION

### A. Legal Standard

A motion under Rule 12(b)(1) attacks the court's jurisdiction to hear and decide the case. FED. R. CIV. P. 12(b)(1). The burden lies with the party seeking to invoke the court's jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Lack of subject matter jurisdiction may be found based on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Id.* On a facial attack to subject matter jurisdiction, which is based on the sufficiency of the complaint, court accepts all well-pleaded allegations in the complaint as true and construes those allegations in a light most favorable to the plaintiff. *Garcia v. Copenhaver, Bell & Associates, M.D.'s, P.A.*, 104 F.3d 1256, 1260–61 (11th Cir. 1997); *Pike v. Office of Alcohol and Tobacco Control of the La. Dep't of Rev.*, 157 F.Supp.3d 523, 533 (M.D. La. 2015). Because the parties have

submitted evidence outside the pleadings that do not, this matter is a "factual" attack and the court will consider that evidence while resolving any disputed issues of fact. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

### B. Application

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). Subject matter jurisdiction must be proper under either 28 U.S.C. § 1331 or § 1332. The burden of proving jurisdictional facts rests on the plaintiff. *Anderson v. Stoffle*, 339 F.2d 214, 214 (5th Cir. 1964).

There is no basis for jurisdiction under 28 U.S.C. § 1331, as plaintiff raises only state law claims. As for 28 U.S.C. § 1332, plaintiff must show complete diversity of citizenship and an amount in controversy greater than $75,000.00. Complete diversity means that each plaintiff must have different citizenship from each defendant. *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988). In other words, the court cannot exercise jurisdiction if any plaintiff is from the state as any defendant. *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003).

Here plaintiff has stated that she is a citizen of Louisiana and alleged that USAA was incorporated under the laws of Texas with its principal place of business in San Antonio. Doc. 1, ¶ 3. According to USAA's corporate disclosure statement, however, it is an unincorporated association serving as a reciprocal interinsurance exchange with members in every state. Doc. 9. An unincorporated association is a citizen of each state in which it has a member. *Temple Drilling Co. v. La. Ins. Guar. Ass'n*, 946 F.2d 390, 393 (5th

Cir. 1991)). USAA is thus a citizen of every state, including Louisiana. *E.g.*, *Cruz v. USAA*, 2021 WL 2662155, at *1 (E.D. La. June 29, 2021). Because plaintiff is also a citizen of Louisiana, there is no basis for the court's exercise of jurisdiction.

Plaintiff now argues that she intended to sue another USAA entity, USAA Casualty Insurance Company ("USAA CIC") and/or USAA General Indemnity Company ("USAA GIC"), which is a citizen of Texas. Accordingly, she asks the court to permit amendment of the complaint in order to correct the misnomer. Doc. 23. After a responsive pleading is served, a party may only amend with written consent of the opposing party or leave of court. Fed. R. Civ. P. 15(a). The court must "freely give leave when justice so requires." *Id.* But the issue still lies at the discretion of the court and may be denied on any one of several bases, including futility. *Smith v. EMC*, 393 F.3d 590, 595 (5th Cir. 2004). The proposed amended complaint is futile if it "would fail to state a claim upon which relief could be granted under the same standard of legal sufficiency as applies under Rule 12(b)(6)." *In re Vioxx Prods. Liab. Litig.*, 874 F.Supp.2d 599, 602–03 (E.D. La. 2012) (internal quotations omitted).

The policy in this matter was actually issued by Garrison Property and Casualty Insurance Company ("Garrison"), a subsidiary of USAA CIC. Doc. 26, att. 1, p. 8. USAA argues that amendment is futile because (1) plaintiff could not state a claim against either USAA GIC or USAA CIC based on this policy and (2) even if plaintiff did amend her complaint to state claims against Garrison, those claims would not relate back to the date of the original policy and would have prescribed. Doc. 26.

Plaintiff has shown no basis for stating a claim against either USAA GIC or USAA CIC under the policy. *See Corbello v. Garrison Prop. & Cas. Co.*, 2023 WL 4115761 (W.D. La. June 21, 2023) (USAA CIC not a proper party to hurricane claims brought based on policy issued by Garrison). An amendment naming Garrison as defendant would cure the jurisdictional defects in this suit, because Garrison is domiciled in Texas. Doc. 33, att. 2. The claims, however, would still be futile if they have prescribed.

"When a plaintiff amends a complaint to add a defendant, but the plaintiff does so subsequent to the running of the relevant statute of limitations, then [Rule 15(c)] controls whether the amended complaint may 'relate back' to the filing of the original complaint and thereby escape a timeliness objection." *In re Katrina Canal Breaches*, 2008 WL 3906760, at *3 (E.D. La. Aug. 26, 2008) (quoting *Wilson v. U.S. Gov't*, 23 F.3d 559, 562 (1st Cir. 1994)). "Relation back analysis applies to the addition of new claims or new defendants." *Id.* The rule provides, in relevant part:

> (1) **When an Amendment Relates Back.** An amendment to a pleading relates back to the date of the original pleading when:
> . . . .
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1). Accordingly, the court's analysis under Rule 15(c)(1)(C)(ii) turns on "what the prospective defendant reasonably should have understood about the plaintiff's

intent in filing the original complaint." *Al-Dahir v. FBI*, 454 F. App'x 238, 242 (5th Cir. 2011) (internal quotations omitted). Additionally, the defendant **must** have received notice of the mistake within the time provided by Rule 4(m), i.e., 120 days.

USAA alleges that plaintiff's claims arising from the August and October 2020 hurricanes have prescribed under the terms of the policy, which sets a two-year limitations period for filing suit in accordance with Louisiana Revised Statute 22:868(B). Doc. 26, att. 1, p. 31. Plaintiff maintains that any amendment would relate back to the date of the original filing, because the naming of USAA was a misnomer and because Garrison, a subsidiary of a subsidiary of USAA, had notice through service on USAA.

As another court has previously ruled with respect to USAA entities, the companies are separate and distinct. *Schewe v. USAA Cas. Ins. Co.*, 2007 WL 2174588, at *9 (E.D. La. Jul. 27, 2007). There is no basis for imputing knowledge of the suit from one USAA entity to another without actual evidence that one company shared its notice with the other. *Id.* Additionally, plaintiff's confusion as to which USAA entity issued her policy was easily rectified by the plain language of that policy and is not the type of mistake Rule 15(c) was designed to remedy. *Id.* Instead, the rule "'permits an amendment to relate back only where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake, but it does not permit relation back where, as here, *there is a lack of knowledge of the proper party*.'" *Wilson v. U.S. Gov't*, 23 F.3d 559, 563 (1st Cir. 1994) (quoting *Wood v. Worachek*, 618 F.2d 1225, 1229 (7th Cir. 1980)) (emphasis supplied in *Wilson*). Accordingly, plaintiff's claims against Garrison could not be salvaged by the doctrine of relation back.

## III.
### CONCLUSION

For the reasons stated above, the Motion to Amend [doc. 23] will be **DENIED** and the Motion to Dismiss [doc. 27] will be **GRANTED**. Accordingly, all claims in this matter will be **DISMISSED WITHOUT PREJUDICE**.

**THUS DONE AND SIGNED** in Chambers on the 22nd day of August, 2023.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**